In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 17-3179 & 17-3194

STACY HARRINGTON,

*Plaintiff-Appellant,*

*v.*

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

*Defendant-Appellee,*

and

ANDREW BANKS,

*Plaintiff-Appellant,*

*v.*

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

*Defendant-Appellee.*

Appeals from the United States District Court for the
Southern District of Indiana, Terre Haute Division, and the Northern
District of Indiana, Ft. Wayne Division.
No. 2:16-cv-129, **Jane Magnus Stinson**, *Chief Judge*, and
No. 1:15-cv-400, **Susan L. Collins**, Magistrate Judge.

IN CHAMBERS — DECEMBER 4, 2017

_____

Before HAMILTON, *Circuit Judge*.

HAMILTON, *Circuit Judge*. I write this short in-chambers opinion because it might help counsel streamline the fair processing of motions before our court concerning case management. This opinion is intended as a practical gloss on this court's Operating Procedure 1, available on the court's public website, as well as Federal Rule of Appellate Procedure 27. The bottom line: If you want this court to act quickly on your case-management motion, contact opposing counsel and ask whether they will or will not oppose the motion.

In these two similar appeals from actions of the Social Security Administration, the appellants have filed a motion to consolidate the appeals, to adopt a briefing schedule, and to allow briefs that are a little longer than would be allowed in each appeal by itself. The motion asserts that both the facts and the legal issues in the appeals are essentially identical. When the motion was filed, it was referred to me as the motions judge for the week.

While the motion seemed sensible, this is an adversarial system. Experience teaches that case-management matters—even matters as mundane as brief length, briefing schedules, and consolidation—can sometimes have tactical or strategic effects for the parties that courts cannot predict reliably. The court has the option of reaching out to opposing parties and inviting a response, and often does so. Another option for the court is to wait a couple of weeks or so to see if any other party responds. (Rule 27(a)(3)(A) allows ten days for a response, at

least in the absence of a more specific order.) In this case, I opted for the latter, passive route, and no response was filed.

To avoid the delay inherent in the sort of caution I exercised here, counsel have their own option for speeding things up: contact counsel for the opposing parties and ask if they will consent to the motion, or at least state that they will not oppose it. Then tell the court in the motion that the other parties consent to or will not oppose the motion. With that message, the court can be confident that it need not wait to protect the interests of the other parties.

That said, the motion to consolidate is granted. Appeal Nos. 17-3179 and 17-3194 are consolidated for purposes of briefing and disposition. Briefing will proceed as follows:

The joint consolidated brief and required short appendix of appellants Harrington and Banks shall be filed no later than January 3, 2018, with a word limit of 16,500 words.

A consolidated brief of appellee shall be filed no later than February 2, 2018, with a word limit of 16,500 words.

Any joint consolidated reply brief for appellants shall be filed no later than February 16, 2018, with a word limit of 8,500 words.

SO ORDERED.